BEER, Judge.
Josephine C. Pinkham filed this damage suit against Sherwin-Williams Company, Irwin A. Kraft, Maryland Casualty Company and the City of New Orleans, contending that she was injured as a result of a fall on the sidewalk adjacent to property owned by Kraft, insured by Maryland and leased to Sherwin-W illiams.
All defendants (appellees here) moved for summary judgment on the basis of allegations made in Pinkham’s petition and Pink-ham’s response to certain questions put to her in the course of a discovery deposition. The motions were granted, Pinkham’s suit was dismissed, and she appeals.
Movers for summary judgment take no issue with Pinkham’s factual contention that she fell at the spot where the sidewalk is uneven. They rely upon the contention that Pinkham has failed to show any causal connection between the unevenness of the sidewalk and her fall. Specifically, when asked if she knew what caused her to fall, she replied: “No, I don’t remember.”
Perhaps more compellingly influential in support of the motion is the showing, on the part of movers, that Pinkham’s deposition testimony obviates her ability to obtain judgment by reason of her acknowledged contributory negligence. In that deposition, she admits her long-term awareness of the uneven condition of the sidewalk — an awareness based on her having traversed this sidewalk to and from work on an almost daily basis for over three years.
Such an acknowledgement of contributory negligence formed the basis for summary judgment in Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976), U. S. cert. den., 429 U.S. 833, 97 S.Ct. 97, 50 L.Ed.2d 98, which holding, in our view, is applicable here. Consideration of the record as a whole and, particularly, the deposition testimony of Pinkham leads us to conclude that the trial court did not manifestly err in granting summary judgment, and, accordingly, the judgment of the Civil District Court for the Parish of Orleans is affirmed, at appellant’s cost.

AFFIRMED.